GOEBEL *v.* STATE OF INDIANA.

[No. 13,628.   Filed May 15, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellant was tried and convicted in the Vanderburgh Circuit Court upon the charge of unlawfully having in his possession a still used in the manufacture of intoxicating liquor, and, from the judgment rendered, this appeal is prosecuted.

It appears from the record that on February 15, 1926, the officers, acting under a search warrant, searched certain premises then in the possession of appellant and found thereon two stills and also a considerable quantity of liquor, whisky, and also a quantity of corn sugar, mash and concentrated lye. The appellant was present at the time said search was made and said articles seized. The affidavit charging possession was filed next day, the appellant gave bond for his appearance, and, on February 17, 1926, appeared in open court, in person and by attorney, and entered his plea of not guilty.

On March 12, 1926, the cause came on for trial before the court, a jury having been waived, and during the progress of the trial, and after testimony going to the merits of the case had been heard, the appellant, by counsel, objected to the officers testifying as to what they found upon said premises as a result of said search, and to the introduction in evidence of any of the articles so then and there seized, the said objections being based upon the alleged invalidity of said search warrant. These objections were overruled, and the exceptions saved to these rulings present the only questions we need to consider on this appeal, for, if this evidence was properly admitted, the decision of the court is sustained by the evidence and is not contrary to law.

It will be noted that although, as shown by the record, the appellant well knew all of the facts relating to the

said search and seizure from and after the time said search was made, he made no motion nor took any steps to suppress evidence, or testimony, until the case was on trial upon the merits.

The question for decision recently received consideration by this court in the case of *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, and, on the authority of that case, we hold that the trial court did not err in the rulings of which complaint is made.

Affirmed.